**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GAYRATJON TUHTAMURODOV,**<br>**Petitioner,**<br>**v.**<br>**JOHN RIFE, *et al.*,**<br>**Respondents.** | **CIVIL ACTION NO. 26-8257** |

**ORDER**

**AND NOW,** this 3rd day of November 2026, upon consideration of Petitioner's Petition for a Writ of Habeas Corpus [Doc. No. 1], the response thereto, and the stipulation of the parties attached hereto, it is hereby **ORDERED** that the hearing in this matter scheduled for November 5, 2026 is **CANCELLED**. This matter will proceed on the record without oral argument. For the reasons stated in the accompanying Memorandum Opinion, it is hereby **ORDERED** that the Petition is **GRANTED** as follows:

1. Petitioner's current detention violates the Due Process Clause of the Fifth Amendment. When, in compliance with this order, he is subject to detention, if ever, Petitioner may be detained pursuant to the discretionary provisions of 8 U.S.C. § 1226(a), under which he is entitled a bond hearing.
2. The Government shall **RELEASE** Petitioner from custody immediately and certify compliance with the Memorandum Opinion and Order by filing an entry on the docket no later than **5:00 p.m. on November 4, 2026.**
3. The government is temporarily enjoined from re-detaining Petitioner for seven days following his release from custody.

4. The government shall, immediately upon Petitioner's release, return all personal belongings confiscated upon or during his detention, including his identification and personal documents.
5. If the government chooses to pursue renewed detention of Petitioner, it must first provide him with notice and opportunity to be heard at a bond hearing, at which a neutral immigration judge will determine whether the government has established that Petitioner poses a flight risk or a danger to the community. Should renewed detention occur, the government shall not remove, transfer, or otherwise facilitate the removal of Petitioner from the Eastern District of Pennsylvania before the ordered bond hearing. If the immigration judge determines that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the government may request permission from the Court to move Petitioner if unforeseen or emergency circumstances arise that require him to be removed. Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit transfer of Petitioner.

It is so **ORDERED.**

**BY THE COURT:**

/s/ Cynthia M. Rufe

**CYNTHIA M. RUFE, J.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GAYRATJON TUHTAMURODOV | |
| *Petitioner,* | CIVIL ACTION |
| v. | No. 2:26-cv-8257 |
| JOHN E. RIFE, et. al., | |
| *Respondents.* | |

**PARTIES' STIPULATION AND PROPOSED ORDER TO DECIDE PETITION ON PAPERS AND CANCEL HEARING**

On this 3rd day of November 2026, all Parties jointly request this Court cancel the show cause hearing scheduled for November 5, 2026 and decide the petition on the papers (ECF No. 2).

Pursuant to Local Rule 5.1.2, counsel for the parties' consent to the submission of this joint update with their electronic signatures below.

Dated: November 3, 2026

Respectfully submitted,

DAVID METCALF
United States Attorney

*/s/ Taylor S. Adams*
TAYLOR S. ADAMS
Global Immigration Legal Team, LLC
150 Strafford Avenue, Suite 115
Wayne, PA 19087
(610) 975-4599
Taylor@giltlaw.com
*Counsel for Petitioner*

*/s/ Gerald B. Sullivan*
GERALD B. SULLIVAN
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
(215) 861-8786
Gerald.Sullivan@usdoj.gov
*Counsel for Respondents*